IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**NINA AURORA J. LOGAN,**

    **Plaintiff,**

v.                      Case No. 2:10-cv-01270

**US DISTRICT COURT HOUSE,
UNITED STATES OF AMERICA,
US COURT OF CLAIMS, and
COUNTIES OF WV,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 29, 2010, the plaintiff filed this action and an Application to Proceed without Prepayment of Fees and Costs.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court screens each case in which a person applies to proceed without prepayment of fees and costs. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not

contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the

The plaintiff has previously filed an action in this Court, Logan v. State of West Virginia, No. 2:10-cv-00794 (S.D. W. Va. July 23, 2010), which was dismissed for failure to state a claim upon which relief can be granted. On the same day she filed the instant case, she filed another action, Logan v. Residents of Hidden Valley Subdevelopment Estates, No. 2:10-cv-1269 (S.D. W. Va.).

The plaintiff's complaint is a fourteen page single-spaced document, unsigned, which expresses her frustration concerning her lack of employment as a health care provider, her harassment by various people, and her belief that she is being monitored by microchips. Unfortunately, the complaint is incoherent. It appears that the plaintiff suffers from illness and stress. The complaint is not a short and plain statement of a claim upon which relief can be granted and the presiding District Judge should so find.

It is respectfully **RECOMMENDED** that this action be dismissed with prejudice and that the Application to Proceed without Prepayment of Fees and Costs be denied.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code,

---

complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

<u>June 24, 2011</u>         *Mary E. Stanley*
     Date                  Mary E. Stanley
                           United States Magistrate Judge